## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 1653 | **DATE** | 11/26/2002 |
| **CASE TITLE** | James Guibord vs. Berry Tire Company et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Enter MEMORANDUM, OPINION AND ORDER: Defendant ANI's motion to dismiss plaintiff's complaint pursuant to FRCP 12(B)(6) is hereby [9-1] denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | DEC 0 2 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 02 DEC -2 AM 8:28 | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES GUIBORD, )
 )
        Plaintiff, )
 )
v. ) No. 02 C 1653
 )
 ) Wayne R. Andersen
BERRY TIRE COMPANY, FIRST ) District Judge
BENEFIT ADMINISTRATIONS, INC., )
and AMERICAN NATIONAL )
INSURANCE CO., )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion to dismiss by the defendant American National Insurance Company pursuant to Federal Rule of Civil Procedure 12(B)(6). For the following reasons, the motion is denied.

This case grew out of an agreement between defendants Berry Tire Company ("Berry") and American National Insurance Company ("ANI") which provided that ANI would reimburse Berry for its employees' medical expenses which exceeded $20,000.00. As an employee of Berry, plaintiff James Guibord ("Guibord") falls into this covered group of individuals.

The complaint alleges that Guilbord incurred approximately $275,000.00 in medical expenses while employed at Berry, which should have been, but were not reimbursed. Guilbord now seeks reimbursement for those damages from both Berry, his former employer, and ANI, with whom Berry had the reimbursement agreement.

In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Szumny v. Am.



Gen. Fin., Inc., 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims, but to test the sufficiency of the complaint. Weiler v. Household Fin. Corp., 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant the motion only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000).

In Illinois, a reinsurance treaty differs from an insurance policy as the treaty operates solely between the insurer and the reinsurer, creatying no privity of contract between the reinsurer and the insured individual. See People ex Rel. Baylor v. Highway Ins. Co., 57 Ill.2d 590, 594-595, 316 N.E.2d 633, 634-635 (1974). ANI filed a motion to dismiss it as a defendant claiming Guilbord has no privity of contract since the reimbursement agreement between ANI and Berry is a reinsurance treaty and not an insurance policy. ANI further asserts that, it has no obligation to reimburse Guilbord because the agreement provided only that ANI would reimburse Berry upon Berry's showing that Berry had paid the medical expense.

Guilbord alleges in his complaint, however, that the reimbursement agreement between ANI and Berry had been modified to provide that ANI directly pay the plan administrator for the employee's medical expenses. Under this modification, the agreement would appear to be an insurance policy, as opposed to a reinsurance treaty. Therefore, if the modifications alleged in the complaint are correct, and the agreement is an insurance policy, then Guilbord may be able to succeed on a claim against ANI.

The defendant ANI's motion to dismiss fails because it remains unclear whether the reimbursement agreement is a reinsurance treaty or an insurance policy. Although the agreement on page one identifies itself as a "treaty of excess loss reinsurance," the title of the agreement is

"Excess Loss Policy." Accepting all allegations of the complaint as true and drawing all reasonable inferences in favor of Guilbord, his claims against ANI cannot be dismissed. Even if we accept that the original agreement was intended to be a reinsurance treaty and, that, therefore, Guilbord had no standing to sue, the complaint alleges that the agreement was modified. We must accept this factual allegation as true, and the alleged modification could make the agreement an insurance policy with Guilbord as an insured with standing to sue ANI, the insurer. Accordingly, since this Court cannot determine, without further information, whether the agreement has been modified, we cannot hold that the complaint is insufficient against ANI.

ANI also asserts that Count VI of Guilbord's complaint should be dismissed because it seeks damages in excess of those permitted under Section 155 of the Illinois Insurance Code. Because the Illinois Supreme Court has not yet ruled on this issue, we will let the damages allegation stand for now. However, we are cognizant of the fact that damages under section 155 of the Illinois Insurance Code may indeed be capped.

For the foregoing reasons, defendant ANI's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(B)(6) is hereby denied.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: November 26, 2003